or judgment was entered against him, and was otherwise a mere index of the proceedings, *held* insufficient.

2. APPEAL AND ERROR, § 1752*—*when judgment affirmed.* The judgment of the trial court in bastardy proceedings should be affirmed where the appellant files an insufficient abstract.

3. BASTARDS, § 22*—*when evidence supports inference that relatrix was unmarried.* In bastardy proceedings, evidence *held* sufficient to warrant an inference that relatrix was in fact an unmarried woman at the time of her relations with the defendant.

---

**F. C. Pennington for use of I. V. Edgerton, Defendant in Error, v. Grand Trunk Western Railway Company, Plaintiff in Error.**

**Gen. No. 22,061.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed July 2, 1917. Rehearing denied July 16, 1917.

**Statement of the Case.**

Action by F. C. Pennington for use of I. V. Edgerton, plaintiff, against Grand Trunk Western Railway Company, defendant, an intermediate carrier, to recover damages for loss sustained due to delay in transporting a carload of poultry which plaintiff had planned should arrive in New York City by a particular time because of Jewish holidays. From a judgment for $424.95, a writ of error was prosecuted to the Appellate Court. A decision was rendered (see 199 Ill. App. 479) reversing the judgment of the trial court and a certificate of importance and appeal was granted to the Supreme Court which, in 277 Ill. 39, reversed the judgment and held that plaintiff could pursue his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCVII 10

action against defendant, an intermediate carrier, and remanded the case to the Appellate Court for further consideration.

KRETZINGER & KRETZINGER and L. L. SMITH, for plaintiff in error.

WALTER H. ECKERT, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 96*—*what are rights of shipper as to time for transporting goods.* A shipper of goods is entitled to have his goods transported by the carrier with reasonable dispatch and within the usual and ordinary time that such goods are transported.

2. CARRIERS, § 98*—*when carrier liable for failure to transport goods with reasonable dispatch.* Where a car of poultry is ready before the first of four sections of a train that ordinarily stops to take up such shipments passes through and the car is not taken by any of such sections and, as a result of delay, it arrives at its destination twelve hours late and too late for the market for which it was intended, the carrier is liable for failure to transport goods with reasonable dispatch.

3. APPEAL AND ERROR, § 367*—*when defenses are not available on appeal.* A defendant cannot avail himself on appeal of points relating to his defense which are not included in his affidavit of defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.